IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

            v.                                    09-CR-

RICHARD S. PICCOLI, and
GEN-SEE CAPITAL CORPORATION also known          **09  CR  198-S**
as Gen Unlimited,

            Defendants.

_____

### PLEA AGREEMENT

The defendants, RICHARD S. PICCOLI and GEN-SEE CAPITAL CORPORATION, also known as Gen Unlimited, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.   THE PLEA AND POSSIBLE SENTENCE

1.   The defendants RICHARD S. PICCOLI and GEN SEE CAPITAL CORPORATION, also known as Gen Unlimited (hereafter GEN SEE), agree to waive indictment and to plead guilty to Count I of a 2 count Information charging both defendants with a violation of Title 18, United States Code, Section 1341 (mail fraud), for which the maximum possible sentence for defendant PICCOLI is a term of imprisonment of 20 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of at least 2 years and up to 3 years; the maximum sentence for the corporate

defendant GEN SEE is a maximum possible fine of $50,000,000 and a special assessment of $400.

2.  The defendant RICHARD S. PICCOLI also agrees to waive indictment and to plead guilty to Count II of the 2 count Information charging a violation of Title 26, United States Code, Section 7201 (attempt to defeat a tax) for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $100,000, a mandatory $100 special assessment and a term of supervised release of up to 3 years.

3.   The defendants understand that the penalties set forth in these paragraphs are the maximum penalties that can be imposed by the Court at sentencing.

4.   The defendants understand and agree that the Court must require restitution to be paid to victims as part of the sentence pursuant to Sentencing Guidelines § 5E1.1 and Title 18, United States Code, Sections 3663A and 3663(a)(3).   The defendants understand and agree that the determination of the restitution owed to each victim is underway, and agree and understand that the calculation may be finalized after plea and/or sentencing.   The defendants and the government agree that the restitution will not exceed $25,000,000.

5.   The defendant RICHARD S. PICCOLI understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release.  As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in paragraphs 1 and 2 of this agreement.

## II.   ELEMENTS AND FACTUAL BASIS

6.   The defendants understand the nature of the offenses set forth in paragraph 1 of this agreement and understand that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crimes:

Title 18, United States Code, Section 1341:

a)   That the defendants devised or used a scheme to defraud as alleged in the Information;

b)   That the receipt of money or property was the objective of the scheme; and

c)   That the defendants mailed or caused items to be mailed by use of the Postal Service (or an interstate delivery service) in furtherance of the scheme.

-3-

<u>Title 26, United States Code, Section 7201</u>:

a)   That the defendant attempted to evade or defeat a
     tax or payment thereof;

b)   That an additional tax was due and owing to the IRS;

c)   That the defendant's conduct was willful.

## FACTUAL BASIS

7.   The defendants and the government agree to the following

facts, which form the basis for the entry of the pleas of guilty

including relevant conduct:

> Defendant GEN-SEE CAPITAL CORPORATION (GEN SEE) is a New
> York State corporation, with a filing date of 1975.
> Defendant RICHARD S. PICCOLI is the sole shareholder of
> this corporation.  In 2005, PICCOLI filed a d/b/a in Erie
> County for a business called Gen Unlimited.    He
> represented himself as the sole owner of that entity, as
> well.    He advertised under the name GEN-SEE CAPITAL
> CORPORATION.

### A. Scheme to Defraud

> Since at least 1980 and continuing until January
> 2009, PICCOLI, through GEN-SEE, solicited investors
> representing to be investing in discounted real estate
> mortgage portfolios consisting of safe, "seasoned"
> mortgages.  He offered a guaranteed interest higher than
> that commercially available.  One of the investment
> options offered by PICCOLI was to have monthly interest
> or interest plus principal checks paid to the investor
> over a set number of years.  Another option was the
> "reinvestment" or "rollover" option, where the investor
> received no monthly payments, rather the investor
> received a statement showing the growth of the original
> principal invested.

> In fact, there were no investments in discount
> mortgages, and PICCOLI was using new investment money to
> fund the monthly payments to earlier investors.  PICCOLI
> was also using investor money to fund his business, and

to supplement his own income. Some of the proceeds of the investment scheme were used to acquire and maintain various pieces of real estate over the course of the defendants' illegal activity and provided as gifts to children of Defendant PICCOLI.

Since 2002, PICCOLI has taken in over $31,000,000 in funds from investors, with payouts to investors totaling over $28,000,000. The parties agree that the readily provable total loss (principal payments remaining unpaid) from the entire scheme is more than $7,000,000 but less than $20,000,000. The defendant understands that a detailed accounting for each investor is being prepared by the SEC and that accounting will be the basis for the restitution order. The defendant further understands that there is a possibility that the figure could be higher than $20,000,000 but the parties agree it will not exceed $25,000,000.

PICCOLI'S sale pitch targeted seniors as well as the religious. PICCOLI has written
"...67% of our investor portfolios are seniors and retirees and overwhelmingly middle income people..." and has stated that " like I said, 80 percent of our clients are middle income seniors. They've worked hard all of their lives, they don't have a lot of money."

Many of the victims were convinced to invest because of PICCOLI'S use of clergy as references. PICCOLI deliberately targeted the Catholic community in this scheme. He stated that he limited his advertising to Catholic papers. "That's all we advertise in is Catholic papers, Syracuse, Rochester, we're up in Alaska, too. We've got clients in Alaska."

In furtherance of this investment scheme, PICCOLI and GEN SEE sent numerous promotional materials and applications to a prospective investor, using the United States mails. Mailings were sent from GEN-SEE to an address in the Western District of New York on September 19, 2008; October 30, 2008; November 5, 2008, November 20, 2008; and December 4, 2008.

**B. The Tax Fraud**

For tax years 2004 through 2007, the defendant RICHARD S. PICCOLI filed U.S. Individual Income Tax Returns, Forms 1040, which substantially understated the amount of income he received by $292,258, in that he stated that his taxable income for those years was the sum of $52,852, and that the amount of tax due and owing thereon was the sum of $2,642, whereas, as he then and there well knew and believed, his taxable income was the sum of $345,110, upon which said taxable income there was owing to the United States of America an income tax of $71,875. The tax loss is therefore $69,233. The defendant failed to report as income investor funds which he had diverted and otherwise converted to his personal benefit. In signing and filing his 2004, 2005, 2006 and 2007 Income Tax Returns, and understating the amount of tax due and owing in each of those years, the defendant acted willfully, with the specific intent to defraud, and evade and defeat a tax.

## III.   SENTENCING GUIDELINES

8.   The defendants understand that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## GUIDELINES CALCULATION AS TO DEFENDANT RICHARD S. PICCOLI

### BASE OFFENSE LEVEL

9.   The government and defendant PICCOLI agree that pursuant to Guidelines Section 3D1.3(a), Guidelines §2B1.1 applies to the "grouped" offenses of conviction and provides for a base offense level of 7.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

10.   The government and the defendant agree that the following specific offense characteristics do apply:

a.   §2B1.1(b)(1)(K):   the total loss (including relevant conduct) from the scheme in Count I of the information was in excess of $7,000,000 and thus there is a 20 offense level increase; the parties agree that the tax loss associated with Count II of the information ($69,233) would not increase this amount to the next level.

b.   §2B1.1(b)(2)(C):   the offense involved more than 250 victims and thus there is a 6 offense level increase;

c.   §2B1.1(b)(9):   the offense involved sophisticated means, and thus there is a 2 offense level increase; and

d.   §2B1.1(b)(14)(B):   the offense substantially endangered the solvency or financial security of 100 or more victims, and thus there is a 4 offense level increase.

## U.S.S.G. CHAPTER 3 ADJUSTMENTS

11.   The government and the defendant agree that the 2 offense level upward adjustment of Guidelines § 3B1.3 (abuse of trust) does apply.

## ADJUSTED OFFENSE LEVEL

12.   Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offenses of conviction is 41.

## ACCEPTANCE OF RESPONSIBILITY

13.   At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 38.

## CRIMINAL HISTORY CATEGORY

14.   It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action, the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

15.   It is the understanding of the government and the defendant that, with a total offense level of 38 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 235 to 293 months, a fine of $25,000 to $250,000, and a period of supervised release of 2 to 3 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraphs 1 and 2 of this agreement.


16.   The Government and the defendant agree to the correctness of the calculation of the sentencing guideline range set forth above.  Both the Government and the Defendant, however, reserve the right to recommend a sentence outside the sentencing guideline range.  More specifically, Defendant Richard Piccoli reserves his right to ask the Sentencing Court for a non-guideline sentence which in the Court's judgment, is  sufficient, but not greater than necessary to meet the purposes of sentencing.  Defendant may provide to the Court relevant information and/or evidence in support of his request.  *See*, 18 U.S.C. §3553(a); *see generally*, *United States v. Booker*, 543 U.S. 220(2005); *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008); *Nelson v. United States*, ___ U.S. ____, 129 S.Ct. 890 (2009).  The Government reserves its right to oppose Defendant's request and also to provide the Court

with information it believes is relevant in determining a proper sentence.

17.   The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

## GUIDELINES CALCULATIONS AS TO DEFENDANT GEN SEE

18.   The government and the defendant GEN SEE agree that the sentence for the corporate defendant will be calculated in accordance with Chapter 8 of the Sentencing Guideline Manual, and Part 8C1.1 thereof, which pertains to the Sentencing of Organizations operated primarily for a criminal purpose.

19.   The defendant agrees pursuant to Title 18 U.S.C. §3663(a)(3) and Guideline §8B1.1(a), the Court will enter a restitution order for the full amount of the victims' losses (the exact amount is currently being calculated) but which is agreed to be no greater than $25,000,000.

20.   The government and the defendant agree that Guideline §§ 8C1.1 requires the Court, subject to the statutory maximum, to set a fine in an amount sufficient to divest the organization of all

its net assets. The statutory maximum fine, 18 U.S.C. Section 3571(d) is agreed to be $50,000,000.00, a level which the parties agree is more than sufficient to divest the organization of all its net assets.

21. The defendant also understands that pursuant to Guideline §8B1.1(c), the Court shall order that any money paid by the defendant shall first be applied to satisfy the order of restitution.

## IV. <u>STATUTE OF LIMITATIONS</u>

22. In the event the defendants' pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendants agree that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agree not to assert the statute of limitations as a defense to any other criminal offense involving or related to the operation of the "discount mortgage" investment scheme committed in the Western District of New York between 1973 and January 8, 2009, or any criminal offense associated with the defendant PICCOLI's personal tax returns for the years 2004 through 2007, set forth above which is not time barred as of the date of this agreement. This waiver

shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

### V.   GOVERNMENT RIGHTS AND RESERVATIONS

23.  The defendants understand that the government has reserved the right to:

a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendants' background, character and involvement in the offenses charged, the circumstances surrounding the charges and the defendants' criminal history;

b.    respond at sentencing to any statements made by the defendants or on the defendants' behalf that are inconsistent with the information and evidence available to the government;

c.    advocate for a specific sentence, including the amount of restitution and/or fine and the method of payment;

d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor;

e.    oppose any application for a downward departure or sentence outside the Guidelines range made by the defendants.

24.   At sentencing, the government will move to dismiss the Criminal Complaint (Magistrate's No. 09-M-1004), pending against the defendant RICHARD S. PICCOLI.

25.   The government agrees that the defendants will not be further prosecuted by the Office of the United States Attorney for the Western District of New York for offenses related to the above described "discount mortgage" investment scheme committed in the Western District of New York between 1973 and January 8, 2009, or any criminal offense associated with the defendant PICCOLI's personal tax returns for the years 2004 through 2007.

26.   The defendants agree that any financial records and information provided by the defendants to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation, including restitution and forfeiture.

27.   The defendants understand and agree that the Court, at the time of sentencing, may order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and subject to immediate enforcement by the United States.   The

-13-

defendants understand and acknowledge that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

## VI.   APPEAL RIGHTS

28.   The defendants understand that Title 18, United States Code, Section 3742 affords the defendants a limited right to appeal the sentences imposed.   Each defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release applicable to such defendant, set forth in Section III, ¶15, above, (as to defendant RICHARD S. PICCOLI) and ¶20, above, (as to defendant GEN SEE), notwithstanding the manner in which the Court determines the sentences.   In the event of an appeal of the defendants' sentences by the government, the defendants reserve the right to argue the correctness of each defendants' sentence.   The defendants further agree not to appeal restitution orders which do not exceed the amount set forth in Section I of this agreement.

29.   The defendants understand that by agreeing to not collaterally attack the sentences, the defendants are waiving the right to challenge the sentences in the event that in the future

-14-

the defendants become aware of previously unknown facts or a change in the law which the defendants believe would justify a decrease in the defendants' sentences.

30.   The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶15, above, (as to defendant RICHARD S. PICCOLI) and ¶20, above, (as to defendant GEN SEE), above, notwithstanding the manner in which the Court determines the sentences.   However, in the event of an appeal from the defendants' sentences by the defendants, the government reserves its right to argue the correctness of the defendants' sentences.

## VII.   COOPERATION

31.   The defendant, RICHARD S. PICCOLI, will cooperate with the government by providing complete and truthful information regarding the defendant's knowledge of any and all criminal activity, whether undertaken by the defendant or others, in any way involving or related to the discount mortgage investment scheme set forth above.   The defendant's cooperation shall also include submitting to interviews by government attorneys and agents, as well as testifying truthfully and completely before grand juries and at such pre-trial and trial proceedings as the government shall

deem necessary.  The parties acknowledge that RICHARD PICCOLI has provided an accounting of his assets to the Securities and Exchange Commission and to the United States Attorney's Office.


32.  The defendant's cooperation shall also be provided to any local, state or federal authorities designated by the government and who have agreed to abide by the terms of the "Cooperation" section of this agreement.  The defendant's obligation to testify truthfully and completely shall extend to proceedings in local, state and federal courts in jurisdictions which have agreed to abide by this agreement.


33.  In exchange for the defendant's plea of guilty and cooperation as set forth in this agreement, the defendant will not be prosecuted by the Office of the United States Attorney for the Western District of New York for any other federal criminal offenses committed in the Western District of New York in any way involving or related to the discount mortgage investment scheme set forth above, committed up to the date of this agreement and about which the defendant provides complete and truthful information.


34.  Further, no testimony, statements or tangible objects provided by the defendant in compliance with this agreement (or any information directly or indirectly derived therefrom) will be used

-16-

against the defendant in any criminal case, except a prosecution
for perjury or making false statements.

35.  Both defendants, RICHARD S. PICCOLI and GEN SEE
acknowledge pending and soon to be filed civil actions relating to
the acts involved in this plea, to wit, Securities and Exchange
Commission v. Gen See Capital Corporation, also known as Gen
Unlimited, and Richard S. Piccoli, 09-CV-14-S, and a civil
forfeiture action to be filed by the United States pursuant to
Title 18, United States Code, Section 981(a)(1)(C) by the United
States against various real properties and monies traceable to real
properties, as proceeds of the defendants' scheme to defraud.

36.  The defendants have entered into a consent judgement with
the SEC which is pending before this Court; the defendants further
agree to enter into necessary stipulations and consent decrees in
order to resolve the pending civil case 09-CV-14-S with the SEC and
further agree to provide and execute any other documents the SEC
deems necessary in order to resolve said civil litigation.

37.  The defendants agree to enter into stipulations and to
the Court entering an Order of Forfeiture, if necessary, in order
to resolve the civil forfeiture case and further agree to provide

and execute any other documents the United States deems necessary in order to resolve said civil forfeiture action.

38.   The defendants understands that, notwithstanding the defendants' obligation to cooperate with the government as set forth in this agreement, the government will not file a motion pursuant to Guidelines § 5K1.1 or Title 18, United States Code, Section 3553(e) for a downward departure from the defendants' sentencing range or pursuant to Rule 35(b) for a reduction of the defendants' sentences.

39.   This agreement does not preclude the prosecution of the defendant for perjury or making false statements in the event the defendant testifies falsely or provides false information to the government.   This agreement is not contingent upon the filing of charges against, the return of an Indictment against, or the successful prosecution of, any person or entity.

40.   It is a condition of this agreement that, up through the date of the defendants' sentencings, the defendants shall commit no further crimes.   It is also a condition of this agreement that the defendant must, at all times, give complete, truthful and accurate information and testimony and not withhold information from the government or refuse to testify truthfully and completely.   Should

-18-

the defendants be sentenced prior to the completion of the defendants' cooperation with the government, the defendants' obligation to comply with the cooperation provisions of this agreement extends past sentencing.

41. In the event the government believes the defendants have violated any of the conditions of the "Cooperation" section of this agreement, the government, in addition to its other rights as set forth in the "Cooperation" section of this agreement, reserves the right:  (a) to modify any recommendation the government agreed to make in a motion pursuant to Guidelines § 5K1.1 and/or Title 18, United States Code, Section 3553(e); and (b) to petition the Court, before or after sentencing, for an order declaring that the defendants have breached the "Cooperation" section and relieving the government of its obligations under this section.

42. In the event the government petitions the Court to declare that a defendant has breached the "Cooperation" section of this agreement, whether the defendant has violated any of the conditions of the "Cooperation" section shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the government shall be required to establish any violation by a preponderance of the evidence.  In order to establish any

violation by a defendant, the government is entitled to rely on statements and information given by the defendant pursuant to this agreement.

43.   If the "Cooperation" section of this agreement is declared breached by the Court:

a.   the defendant shall thereafter be subject to prosecution for any federal criminal violations of which the government has knowledge, including but not limited to, perjury and obstruction of justice;

b.   the government may withdraw any motion filed pursuant to Sentencing Guidelines § 5K1.1, Title 18, United States Code, Section 3553(e) and/or Rule 35(b);

c.   the defendant has no right to withdraw the plea of guilty;

d.   the defendant shall waive all rights under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410 and Sentencing Guidelines § 1B1.8 and the defendant expressly agrees that all statements, testimony and tangible objects provided by the defendant (with the exception of statements made in open court during guilty plea proceedings), whether prior or subsequent to this agreement, can be used directly and indirectly in any and all criminal proceedings against the defendant; and

e.   the defendant agrees that any charges that were dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government.  Furthermore, the defendant agrees not to assert the statute of limitations as a defense to any criminal offense involving or related to the discount mortgage investment scheme which is not time barred as of the date of this agreement.  This waiver shall be effective for a period of six months following the date upon which the Court's

order declaring the agreement breached by the defendant becomes final.

44.  At the time of sentencing, the government will make the nature and extent of the defendants' compliance with this agreement known to the Court.  The defendants will not request that sentencing be adjourned.

45.  The defendant's attorney is expressly permitted to be present at any time the defendant is questioned or interviewed by government agents regarding the matters set forth in this agreement.

46.  It is a condition of this agreement that, up through the date of the defendants' sentencing, the defendants shall commit no further crimes.

## VIII.   CRIMINAL FORFEITURE

47.  The defendants further agree to criminally forfeit their interest in the following properties to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(C):

## REAL PROPERTY

A.   The premises and real property with its buildings, improvements, fixtures, attachments and easements, known as 62 Autumnview Road, Williamsville, New York and more particularly described in a certain deed filed in the Erie County Clerk's Office on March 10, 2004, in Liber 11070 at Page number 2174.

B.   The premises and real property with its buildings, improvements, fixtures, attachments and easements, known as 1810 Military Road, Tonawanda, New York, and more particularly described in a certain deed filed in the Erie County Clerk's Office on January 9, 1992, in Liber 10375 of Deeds at Page 449.

C.   Approximately 30 acres of vacant land known as 1391 Cain Road, Brant, New York, and more particularly described in a certain deed filed in the Erie County Clerk's Office on June 9, 1981, in Liber 9051 of Deeds at Page 621.

D.   Approximately 16 acres of vacant land known as 10188 Route 62, Persia, New York, and more particularly described in a certain deed filed in the Cattaraugus County Clerk's Office on July 27, 2000, in Liber 995 of Deeds at page 446.

E.   Approximately six (6) acres of vacant land known as Transit Road, Orchard Park, New York, and more particularly described in a certain deed in the Erie County Clerk's Office on February 11, 1996, in Liber 9546 of Deeds at page number 469.

F.   An interest of Eight Three Thousand, Seven Hundred and Thirty Six ($83,736.00) Dollars in United States currency invested in the premises and real property with all buildings improvements, and appurtenances located at 3320 Stonebridge Trail, Valrico, Florida, and more particularly described in a certain deed filed in the Hillsborough County Clerk's Office on dated December 17, 1998 in Liber 9387 of Deeds at Page 512.

G.   An interest of Fifteen Thousand ($15,000) Dollars in United States currency invested in the premises and real property with all buildings, improvements, and appurtenances located at 2492 Johnna Court, Palm Harbor, Florida, and more particularly described in a certain

deed filed in the Pinellas County Clerk's Office on dated
July 18, 2008, in Liber 16323 of Deeds at Page 2475.

## FINANCIAL ACCOUNTS

A.    The sum of Sixty One Thousand ($61,000.00) Dollars United
      States Currency contained within Barbara C. Piccoli's
      Fifth Third Bank account, account number 9420049752.

48.   The defendants also agree that the federal government may
elect to proceed with forfeiting the assets identified above
through either civil or criminal forfeiture proceedings and agree
to the entry of a Preliminary and Final Order of Forfeiture
forfeiting the defendants' interest in said properties.    The
defendants further consent and agree that the <u>Order of Forfeiture</u>
shall become final as to the defendants prior to sentencing and
agree that it shall be made part of the defendants' sentence and
included in the Judgment pursuant to Rule 32.2(b)(3) of the Federal
Rules of Criminal Procedure.

49.   Defendants acknowledges that they understand that the
criminal forfeiture of property is part of the sentence that may be
imposed in this case and waive any failure by the court to advise
them of this, pursuant to Rule 11(b)(1)(J), at the time the guilty
plea is accepted.

50.   With respect to the real properties referenced in Paragraph 47 A-E above, it is agreed that the defendants, through their attorneys, will be allowed a period of six (6) months from the entry of this plea to market and sell the real properties, paying all regular and ordinary costs of sale and then remitting the net proceeds of all sales to the United States for forfeiture under this agreement.  Prior to completing such sales all contracts for sale must be approved in writing by the United States Attorney's Office.

51.   During the six (6) month period of time the defendants have to market and sell the real properties, the defendants agree to pay all utilities and any duly levied taxes concerning the real properties and maintain adequate homeowners, hazard, and fire insurance covering the real property naming both themselves and the United States Marshals Service as beneficiaries on any such policy. Proof of such policy must be provided to the United States Attorney's Office within thirty (30) days from the date of execution of this Plea Agreement.

52.   In the event that the real properties are not sold within the six (6) month period described in the preceding paragraph, the United States Marshal Service shall sell the properties in the most

economically feasible fashion.   All net proceeds will then be forfeited to the United States.

53.  The defendants knowingly, intelligently, and voluntarily waive their right to a jury trial on the forfeiture of the assets and imposition of a civil penalty.   Defendants knowingly, intelligently, and voluntarily waive all constitutional, legal and equitable defenses to the forfeiture in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding.   Defendants further agree to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

54.  The defendants agree that the forfeiture of the aforementioned funds and any properties as authorized herein shall not be deemed an alteration of the defendants' sentences. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture. However, it is the intention of the United States to request restoration of all net proceeds generated from the forfeitures referenced in this plea agreement to the defendants'

victims.   However the defendants understand that forfeiture and restitution are not mutually exclusive and the final decision to restore forfeiture proceeds to victims will be made by officials of the United States Department of Justice.

55.   The defendants freely, voluntarily, knowingly, and intelligently waive any right to appeal or collaterally attack any matter in connection with this prosecution and sentence, including the forfeiture of assets as provided in this agreement.

56.   It is expressly agreed by the defendants that the agreement to forfeit property through civil litigation as stated in this agreement survives in the event that this plea agreement is voided for any reason in the future.

## IX.   TOTAL AGREEMENT AND AFFIRMATIONS

57.   This plea agreement represents the total agreement between the defendants, **RICHARD S. PICCOLI and GEN SEE CAPITAL CORPORATION, also known as Gen Unlimited,** and the government. There are no promises made by anyone other than those contained in this agreement.   This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendants.

KATHLEEN M. MEHLTRETTER
Acting United States Attorney
Western District of New York

BY: _____
GRETCHEN L. WYLEGALA
Assistant U.S. Attorney

Dated: June 8, 2009

I have read this agreement, which consists of 28 pages. I
have had a full opportunity to discuss this agreement with my
attorney, Joel L. Daniels, Esq. I agree that it represents the
total agreement reached between myself and the government. No
promises or representations have been made to me other than what is
contained in this agreement. I understand all of the consequences
of my plea of guilty. I fully agree with the contents of this
agreement. I am signing this agreement voluntarily and of my own
free will.

_____
RICHARD S. PICCOLI
Defendant

Dated: C|8|09

_____
JOEL L. DANIELS, ESQ.
Attorney for the Defendant
RICHARD S. PICCOLI

Dated: 6/8/09

-27-

The corporate defendant, GEN SEE CAPITAL CORPORATION, by its attorneys, Harris Beach, Richard Sullivan, Esq., of counsel, by a vote of the Board of Directors, a copy of which resolution is attached hereto and marked **A**, hereby agrees to all the terms of this agreement.   Furthermore, the defendant, GEN SEE CAPITAL CORPORATION, also known as Gen Unlimited, acknowledges that all the terms of this agreement, which consists of 28 pages, have been explained to the Board of Directors.   The corporation has had a full opportunity to discuss this agreement with its attorney, Richard Sullivan, Esq.   The corporation states that it represents the total agreement reached between itself and the government.   No promises or representations have been made to the corporation or any representative of the corporation other than what is contained in this agreement.   The corporation fully agrees with the contents of this agreement.   The corporation is signing this agreement voluntarily.

GEN SEE CAPITAL CORPORATION
Also known as Gen Unlimited
BY:   RICHARD S. PICCOLI
Dated:

RICHARD SULLIVAN, Esq.
Attorney for Defendant Corporation

Dated: June 8, 2009

-28-

## CORPORATE RESOLUTION

At a meeting of the Board of Directors of Gen-See Capital Corporation, a/k/a Gen Unlimited, it is hereby

RESOLVED, that the Board hereby permits its Counsel, Richard J. Sullivan, Esq., to enter a guilty plea on the Corporation's behalf to an Information charging Mail Fraud (18 USC §1341). The Corporation, through its Board, has discussed fully the 28-page Plea Agreement which the Board authorizes Mr. Sullivan to sign and further states that this Plea Agreement represents the total Agreement between the Corporation and the Government. No promises or representations have been made to the Corporation or any representative of the Corporation other than what is contained in the Plea Agreement. The Board, on behalf of the Corporation, fully agrees with the contents of the Plea Agreement and that Richard S. Piccoli, Board Member, signs this Agreement voluntarily.

Dated: June 8 , 2009

_____
Gen-See Capital Corporation a/k/a Gen Unlimited
By Richard S. Piccoli

_____
Richard T. Sullivan, Esq.
Attorney for Defendant - Corporation

A